# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6896 | **DATE** | 11/5/2010 |
| **CASE TITLE** | Yellow Cab Affiliation, Inc. Et al. Vs. New Hampshire Insurance Co., et al. | | |

**DOCKET ENTRY TEXT**

As discussed below, in the briefing on Plaintiff's motion to preliminary and permanently enjoin the arbitration filed by Defendants [4], the Court requests that the parties address the threshold question of whether the Court or the panel of arbitrators should decide the threshold question of whether this dispute is arbitrable.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Plaintiffs' motion [4] asks the Court to preliminary and permanently enjoin an arbitration filed by Defendants with the American Arbitration Association. In support of their motion, Plaintiffs argue that the dispute between the parties is not arbitrable because: (1) the arbitration provisions at issue are no longer in force; and (2) the demand for arbitration names certain claimants and respondents (including Plaintiffs) who were not parties to the contracts which contain the arbitration provisions. The Court has entered a briefing schedule on Plaintiff's motion [12].

In the memorandum in support of their motion [5] Plaintiffs contend, among other things, that "[t]he question of whether an arbitration clause exists and, thus, whether a claim is arbitrable, is a question for the court." Pl. Mem. at 6. That premise is correct in some, but not all, circumstances. See, *e.g.*, *Janiga v. Questar Capital Corp.*, 615 F.3d 735 (7th Cir. 2010); *Honomichl v. Integrated Intern. Payroll Ltd.*, 2010 WL 2025395, at *3 (N.D. Ill. May 21, 2010) (discussing legal standards regarding threshold question of who decides arbitrabilty under Delaware and Illinois law).

It appears that the agreements at issue in this case contain a provision specifying that the law of the state of New York applies. In New York, whether a dispute is arbitrable generally is an issue for the court to decide unless the parties clearly and unmistakably provide otherwise. *Zachariou v. Manios*, 891 N.Y.S.2d 54, 55 (N.Y. App. 1st Dept. 2009); see also *Matter of Smith Barney Shearson v. Sacharow*, 91 N.Y.2d 39, 45-46 (N.Y. 1997). At least one recent New York case has stated that where there is a broad arbitration clause and the parties' agreement specifically incorporates by reference the AAA rules providing that the arbitration panel shall have the power to rule on its own jurisdiction, courts will "leave the question of arbitrability to the arbitrators." *Zachariou*, 891 N.Y.S.2d at 55 (quoting *Life Receivables Trust v. Goshawk Syndicate 102 at Lloyd's*, 888 N.Y.S.2d 458 (N.Y. App. 1st Dept. 2009).

## STATEMENT

In addition to whatever other arguments the parties may choose to present in the briefing on Plaintiffs' motion [4], the Court requests that the parties address the threshold question of whether the Court or the panel of arbitrators should decide the question of whether this dispute is arbitrable.